**UNITED STATE DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

————————————————————

| | | |
|---|---|---|
| JAMES M. BURNS, SR., Individually and on Behalf of All Others Similarly Situated, | : | Case No. 1:11-CV-02354-CM |
| | : | |
| Plaintiff, | : | |
| | : | "ECF" Case |
| vs. | : | |
| | : | |
| ADVANCED BATTERY TECHNOLOGIES, INC. ZHIGUO FU and GUOHUA WAN | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

————————————————————

| | | |
|---|---|---|
| ARNOLD COHEN, Individually and on Behalf of All Others Similarly Situated, | : | Case No. 1:11-CV-02849-UA |
| | : | |
| Plaintiff, | : | |
| | : | "ECF" Case |
| vs. | : | |
| | : | |
| ADVANCED BATTERY TECHNOLOGIES, INC., ZHIGUO FU, and GUOHUA WAN, | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

————————————————————

| | | |
|---|---|---|
| GEOFF CONNORS, Individually and on Behalf of All Others Similarly Situated, | : | Case No. 1:11-CV-03098-CM |
| | : | |
| Plaintiff, | : | "ECF" Case |
| | : | |
| vs. | : | |
| | : | |
| ADVANCED BATTERY TECHNOLOGIES, INC., ZHIGUO FU, and GUOHUA WAN, | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

————————————————————

| | | |
|---|---|---|
| BRISTOL INVESTMENT FUND, LTD, and | : | |
| GREGORY BONIN, Individually and On Behalf of | : | |
| All Others Similarly Situated, | : | Case No. 1:11-CV-_____-__ |
| | : | |
| Plaintiff, | : | "ECF" Case |
| | : | |
| vs. | : | |
| | : | |
| ADVANCED BATTERY TECHNOLOGIES, | : | |
| INC., ZHIGUO FU, and GUOHUA WAN, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**MOVANT BRISTOL INVESTMENT FUND, LTD.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

## TABLE OF CONTENTS

I.     INTRODUCTION ........................................................................................................ 1

II.    LEGAL ARGUMENT ............................................................................................... 3

   A.   Consolidation Is Appropriate ............................................................................ 3

   B.   Bristol Investment Should Be Appointed Lead Plaintiff ................................... 4

      1.   Notice Was Properly Published Under The PSLRA....................................... 4

      2.   Movant Should Be Appointed Lead Plaintiff ................................................ 4

         a.   Movant Has Moved For Appointment As Lead Plaintiff Within 60 Days Of
              Publication Of Notice ............................................................................. 5

         b.   Movant Has The Largest Financial Interest In The Relief Sought ......................... 6

   C.   Movant Otherwise Satisfies The Requirements Of Fed .................................... 8

      1.   The Claims of Movant Are Typical of the Claims of Other Members of the Class ....... 9

      2.   Movant Will Fairly And Adequately Represent The Interests Of The Class ............... 11

      3.   The Court should Approve Bristol Investment's Choice of Counsel .......................... 12

III.   CONCLUSION......................................................................................................... 12

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Fischler v. Amsouth Bancorporation*, 1997 WL 118429 (M.D. Fla. Feb. 6, 1997) ...................... 9

*Greebel v. FTP Software, Inc.*, 939 F. Supp. at 57 (D. Mass. 1996) ............................................... 4

*Hart Holding Co. v. Drexel Burnham Lambert Group, Inc.*, 506 U.S. 1088 (1993).................... 10

*Hurd v. Monsanto Co.*, 164 F.R.D. 234 (S.D. Ind. 1995)............................................................ 10

*In re Amb. Bus. Fin. Serv., Inc. Sec. Litig.*, 2004 WL 1221353 (E.D. Pa. 2001) .......................... 6

*In re Authentidate Holding Corp.*, 2006 WL 2034644 (S.D. N.Y. July 14, 2006)...................... 10

*In re Barclays Bank PLC Sec. Litig.*, 2011 WL 31548 (S.D. N.Y. June 5, 2011)....................... 10

*In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002) ......................................................... 5, 6, 9, 11, 12

*In re Cell Pathways, Inc. Sec. Litig.*, 203 F.R.D. 189 (E.D.Pa. 2001)........................................... 6

*In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285 (2d Cir. 1992).................................. 10

*In re Flight Safety Tech., Inc. Sec. Litig.*, 231 F.R.D. 124 (D. Conn. 2005) ................................ 8

*In re Nice Systems Sec. Litig.*, 188 F.R.D. 206 (D. N.J. 1999)....................................................... 4

*In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42 (S.D.N.Y. 1998) .............................. 5

*In re Smith Barney Transfer Agent Litig.*, 2006 WL 991003 (S.D.N.Y. April 17, 2006) .............. 8

*In re United Energy Corp. Solar Power Modules Tax Shelter Inv. Sec. Litig.*, 122 F.R.D. 251
   (C.D. Cal. 1988).......................................................................................................................... 11

*In re Vicuron Pharmaceuticals, Inc. Sec. Litig.*, 225 F.R.D. 508 (E.D. Pa. 2004)....................... 6

*In re Waste Management, Inc. Sec. Litig.*, 128 F.Supp.2d 401 (S.D. Tex. 2000).......................... 1

*Int'l Molders' & Allied Workers' Local Union No. 164 v. Nelson*, 102 F.R.D. 457 (N.D. Cal.
   1983) ......................................................................................................................................... 11

*Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ........... 4, 9

*Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507 (9th Cir. 1978) ........................................ 11

*Olsen v. New York Community Bancorp. Inc.*, 233 F.R.D. 101 (E.D.N.Y. Aug. 9, 2005) ............. 8

*Pirelli Armstrong Tire Corp. Retiree Medical Benefit Trust v. LeBranche & Co., Inc.,* 229 F.R.D.
      395 (S.D.N.Y. 2004) ......................................................................................... 5, 6, 9, 11

*Rosario v. Livaditis*, 963 F.2d 1013 (7th Cir. 1992) ........................................................ 9

*Xianglin Shi v. Sina Corp.*, 2005 WL 1561438 (S.D.N.Y. July 1, 2005) ...................................... 6

Movant Bristol Investment Fund, Ltd. ("Movant" or "Bristol Investment") submits this Memorandum of Law in support of its Motion for an order: (1) consolidating the above-styled and related actions; (2) appointing Bristol Investment as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), and Section 27(a)(3)(B) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B), as amended by Section 101(a) of the Private Securities Litigation Reform Act of 1995 ("PLSRA"); (3) approving Movant's selection of the law firms of Federman & Sherwood as Lead Counsel;[1] and (4) granting such other relief as the Court may deem just and proper.

## I.   INTRODUCTION

Pending before this Court are four (4) securities class action lawsuits brought by purchasers of the common stock of Advanced Battery Technologies, Inc. ("ABAT" or the "Company") against ABAT and certain of its present and former officers and directors: (1) *Burns v. Advanced Battery Technologies, Inc., et al.*, Case No. 11-cv-02354; (2) C*ohen v. Advanced Battery Technologies, Inc., et al.*, Case No. 11-cv-02849; (3) *Connors v. Advanced Battery Technologies, Inc., et al.*, Case No. 11-cv-03098; and (4) *Bristol Investment Fund, Ltd. v. Advanced Battery Technologies, Inc., et al.*, Case No. 11-cv-_____. The Complaints allege that Defendant Zhiguo Fu, the Company's CEO and Chairman, transferred ownership of ABAT's primary subsidiary to himself with no explanation provided to investors and no compensation paid to the Company and/or failed to adequately disclose the nature of the relationship between the Company, the subsidiary and Zhiguo Fu. The Complaints allege that

---

[1]   The PSLRA permits any putative class member -- regardless of whether they have failed a complaint -- to move for appointment of lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Consequently, Movant is unable to identify those class members that may file competing motions and accordingly oppose this motion. Courts have held that defendants do not have standing to object to lead plaintiff motions. *See, e.g., In re Waste Management, Inc. Sec. Litig.*, 128 F.Supp.2d 401, 409 (S.D. Tex. 2000).

1

Defendants further made a series of continuous misrepresentations to its investors and the public from March 16, 2009 through March 29, 2011 (the "Class Period"), including, among others: (i) that ABAT made cutting-edge electric cars and SUVs when in reality it made cheap scooters and bicycles; (ii) that ABAT increased revenue from $4.2 million to $97.1 million from 2005 to 2010 while decreasing the number of employees; (iii) that ABAT had certain distribution relationships which have been shown to be fake; and (iv) that ABAT had spent $20 million to acquire a company linked to Defendant Zhiguo Fu and never disclosed his relationship to the purchased entity.

As a result of Defendants' misconduct the Company was able to sell its common stock pursuant to a shelf registration statement, declared effective by the Securities and Exchange Commission ("SEC") on September 2, 2009, at an aggregate price of nearly $50 million. As a result of Defendants' materially false and misleading statements the market price of the Company's common stock was inflated during the Class Period and the investors who purchased stock in the open market and or pursuant to the Registration Statement and Prospectuses were damaged.

All Plaintiffs allege claims for violations of Sections 10(b) and 20(a) of the Exchange Act and the SEC Rule 10b-5. Only Bristol Investment (and its co-plaintiff Gregory Bonin) alleges claims for violations of Sections 11, 12, and 15 of the Securities Act, arising out of materially false and misleading statements contained in the Company's shelf Registration Statement declared effective September 2, 2009 and the Prospectus and supplemental Prospectuses accompanying same (the "Secondary Offering").

Movant is the most adequate plaintiff and class representative in this action. Movant has satisfied the procedural requirements of the PSLRA. First, Movant is believed to be the moving

class member or group of class members with the largest loss and the most appropriate Lead Plaintiff due to the size of its investments in ABAT common stock as well as its interest in the litigation. Movant suffered losses of \$116,998.68[2] as a result of its transactions in ABAT securities during the Class Period and in the Secondary Offering.[3] *See* Exhibits A and B to the Federman Declaration. Second, Movant satisfies the requirements of Fed. R. Civ. P. 23(a). Movant's claims are typical of those of the class. Movant will also adequately represent the class. Movant will actively participate in and vigorously pursue this case and has selected and retained qualified counsel, Federman & Sherwood, to serve as Lead Counsel.

## II.    <u>LEGAL ARGUMENT</u>

**A.    Consolidation Is Appropriate**

Fed. R. Civ. P. 42(a) provides for the consolidation of actions involving a common question of law or fact:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions, it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Movant Bristol Investment asks this Court to consolidate the above-captioned related actions presently before the Court, as well as any other action now pending or hereafter filed in or transferred to this Judicial District as a class action on behalf of purchasers of ABAT shares which arise out of the same facts as alleged in the above-referenced actions. The class actions

---

[2]    This figure is based on Bristol Investment's losses pursuant to Sections 11 and 12 of the Securities Act.

[3]    An investor certification and table setting forth Movant's purchases and sales of ABAT common stock and losses, are attached as Exhibits A and B to the Declaration of William B. Federman ("Federman Declaration") filed contemporaneously herewith.

currently before the Court are ideally suited for consolidation pursuant to Rule 42, since they present virtually identical claims for relief based upon a single course of conduct.

**B.     Bristol Investment Should Be Appointed Lead Plaintiff**

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure.  *See* 15 U.S.C. § 78u-4(a)(3) and 15 U.S.C. § 77z-1(a)(3).

**1.     Notice Was Properly Published Under The PSLRA**

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the Class informing Class Members of their right to file a motion for appointment as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(A)(i) and 15 U.S.C. § 77z-1(a)(3)(A)(i). On April 1, 2011, the date the initial complaint was filed, The Rosen Law Firm, P.A., the law firm that filed the initial lawsuit, filed a notice over a national newswire, *Marketwire*, advising putative members of the proposed class of their right to move the Court to serve as lead plaintiff no later than 60 days from the issuance of the notice. *See* Exhibit C to the Federman Declaration. The notice is sufficient and satisfies the requirements of the PSLRA. *See Greebel v. FTP Software, Inc.,* 939 F. Supp. 57, 62-64 (D. Mass. 1996). National wire services have consistently been recognized as suitable vehicles for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See, e.g., Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036, *4 (N.D. Ill. Aug. 11, 1997); *In re Nice Systems Sec. Litig.*, 188 F.R.D. 206, 215 (D. N.J. 1999); *Greebel*, 939 F. Supp. at 62-64.

**2.     Movant Should Be Appointed Lead Plaintiff**

The PSLRA further provides that within 90 days after the publication of the notice of pendency, or as soon as practicable after the consolidation of multiple related cases if

4

consolidation occurs after the expiration of the 90-day period, the court shall consider any motion made by a class member and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." §21D(a)(3)(B)(i), 15 U.S.C. §78u-4(a)(3)(B) (i).

The PSLRA directs the courts to presume, when appointing lead plaintiffs pursuant to this statute, that the most adequate plaintiff is the person or group of persons that:

> (aa)    has either filed the complaint or made a motion in response to a notice . . . [within 60 days of publication of the notice];

> (bb)    in the determination of the court, has the largest financial interest [of those class members moving for lead plaintiff] in the relief sought by the class; and

> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii) and 15 U.S.C. § 77z-1(a)(3)(B)(iii).  *See In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 43-44 (S.D.N.Y. 1998). The moving class member or group of class members with the largest financial stake in the litigation and who otherwise satisfies the requirements of Fed. R. Civ. P. 23(a), is the presumptive lead plaintiff. *In re Cavanaugh*, 306 F.3d 726, 729-730 (9th Cir. 2002); *Pirelli Armstrong Tire Corp. Retiree Medical Benefit Trust v. LeBranche & Co., Inc.,* 229 F.R.D. 395 (S.D.N.Y. 2004). As discussed below, Movant satisfies each of the criteria set forth above and is entitled to the presumption that it is the most adequate plaintiff.

### a.    Movant Has Moved For Appointment As Lead Plaintiff Within 60 Days Of Publication Of Notice

Movant has moved within the statutory 60-day period of the initial PSLRA notice of this lawsuit. This Motion contains the required certification setting forth, *inter alia*, Movant's transactions in ABAT securities during the Class Period, and indicates that Movant has reviewed the Complaint filed in this action and is willing to serve as the representative party on behalf of

the class. *See* Exhibit A to Federman Declaration. Accordingly, Movant has satisfied this prong of the PSLRA's lead plaintiff criteria.

### b.      Movant Has The Largest Financial Interest In The Relief Sought

Section 21D(a)(3)(iii)(I)(bb) of the PSLRA defines the most adequate plaintiff (presumptively) as the "person or group of persons" that, among other things, has "the largest financial interest in the relief sought by the class." §15 U.S.C. 78u-4(a)(3)(I)(bb). Courts have determined the largest financial interest by looking to (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the Class Period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *Pirelli,* 229 F.R.D. at 404.   However, some courts have determined that the financial loss is the most significant factor in determining the person or group of persons with the largest financial interest in the relief sought. *In re Vicuron Pharmaceuticals, Inc. Sec. Litig*., 225 F.R.D. 508, 510 (E.D. Pa. 2004); *see e.g., In re Amb. Bus. Fin. Serv., Inc. Sec. Litig*., 2004 WL 1221353 (E.D. Pa. 2001); *In re Cell Pathways, Inc. Sec. Litig.*, 203 F.R.D. 189 (E.D.Pa. 2001); *see Xianglin Shi v. Sina Corp*., 2005 WL 1561438 at *2 (S.D.N.Y. July 1, 2005) (appointing lead plaintiff based on largest claimed losses).

"[T]he district court must consider the losses allegedly suffered by the various plaintiffs before selecting as the 'presumptively most adequate plaintiff' – and hence the presumptive lead plaintiff - - the one who has the largest financial interest in the relief sought by the class' . . ." *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).   "In so doing, the court may select accounting methods that are both rational and consistent." *Id.* at 730, n.4.

Section 11(a) of the Securities Act provides that a suit may be brought to recover plaintiff's damages as shall represent:

> the difference between the amount paid for the security (not exceeding the price at which the security was offered to the public) and (1) the value thereof as of the time such suit was brought, or (2) the price at which such security shall have been disposed of in the market before suit, or (3) the price at which such security shall have been disposed of after suit but before judgment if such damages shall be less than the damages representing the difference between the amount paid for the security (not exceeding the price at which the security was offered to the public) and the value thereof as of the time such suit was brought.

15 U.S.C. §77k(e).

A person that violates Section 12(a)(2) of the Securities Act "shall be liable, subject to subsection (b), to the person purchasing such security from him, who may sue either at law or in equity in any court of competent jurisdiction, to recover the consideration paid for such security with interest thereon, less the amount of any income received thereon, upon the tender of such security, or for damages if he no longer owns the security."

All of Bristol Investment's purchases of ABAT securities were made during the Class Period and pursuant to the Company's Registration Statement declared effective September 2, 2009 and accompanying Prospectus and Prospectus supplement.  Under the above methodologies for determining damages with respect to Section 11 and 12(a)(2) claims Bristol Investment has suffered losses of $116,998.68. *See* Federman Declaration at Exhibits A and C.[4]

---

[4]     With respect to Section 10(b) claims, Section 21D(e)(1) of the PSLRA provides that when a plaintiff seeks to establish damages by reference to the market price of a security, the award of damages shall not exceed:

> the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market.

15 U.S.C. §78u-4(e)(1).

If a plaintiff sells or repurchases his securities prior to the expiration of the 90-day period, his losses are measured as follows:

As of this filing, Movant is unaware of any motion for appointment as lead plaintiff by a class member that claims to have sustained greater financial losses in connection with the purchase and sale of ABAT common stock during the Class Period.  Nor has Movant received any notice that any potential applicant has greater financial losses resulting from purchases of ABAT stock during the Class Period.

Bristol Investment believes that it has sustained a greater financial loss in connection with the purchase of ABAT's common stock during the Class Period and in the Secondary Offering than any competing lead plaintiff movant. Accordingly, Bristol Investment has satisfied this prong of the PSLRA's prerequisites for appointment as Lead Plaintiff. Moreover, Movant Bristol Investment is an institutional investor. The PSLRA favors the selection of institutional investors as lead plaintiff.  *In re Smith Barney Transfer Agent Litig.,* 2006 WL 991003, *2 (S.D.N.Y. April 17, 2006); *Olsen v. New York Community Bancorp. Inc.*, 233 F.R.D. 101, 107 (E.D.N.Y. Aug. 9, 2005) ("Many courts have interpreted the PSLRA to favor institutional investors serving as lead plaintiff."); *In re Flight Safety Tech., Inc. Sec. Litig.*, 231 F.R.D. 124, 131-32 (D. Conn. 2005) (noting institutional investor brings knowledge and resources to the case).

**C.     Movant Otherwise Satisfies The Requirements Of Fed. R. Civ. P. 23**

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements

---

the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security.

15 U.S.C. § 78u-4(e)(2).

of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B) and 15 U.S.C. § 77z-1(a)(3)(B). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

    (1)    the class is so numerous that joinder of all members is impracticable;

    (2)    there are questions of law or fact common to the class;

    (3)    the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

    (4)    the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two - typicality and adequacy - directly address the personal characteristics and/or qualifications of the class representative. Accordingly, in adjudicating a lead plaintiff motion, the court should limit its inquiry to the typicality and adequacy prongs of Fed. R. Civ. P. 23(a) and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *Pirelli*, 229 F.R.D. at 411-12; *In re Cavanaugh,* 306 F.3d at 730; *see, e.g., Lax*, 1997 WL 461036, at \*6; *Fischler v. Amsouth Bancorporation*, 1997 WL 118429, \*2 (M.D. Fla. Feb. 6, 1997). As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23(a), thereby justifying its appointment as Lead Plaintiff in this action.

### 1.    The Claims of Movant Are Typical of the Claims of Other Members of the Class

Rule 23(a)(3) mandates that the claims or defenses of the representative party must be typical of those of the class. Typicality exists if claims "arise[] from the same event or practice or course of conduct that gives rise to the claims of class members and his or her claims are based on the same legal theory." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992) (quoting *De*

9

*La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983)), *cert. denied*, 506 U.S. 1051 (1993)). Furthermore, factual variations among the claims of the class representatives and class members will not defeat "typicality":

> The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members.  Thus, similarity of legal theory may control even in the face of differences of fact.

*De La Fuente,* 713 F.2d at 232 (citations omitted); *see also Hurd v. Monsanto Co.*, 164 F.R.D. 234, 239 (S.D. Ind. 1995).

Movant's claims are typical of the claims of the other members of the class.  Here, Movant: (1) purchased ABAT common stock during the Class Period and in the Secondary Offering at prices alleged to have been artificially inflated by the false and misleading statements issued by Defendants; and (2) was damaged by the alleged fraud. Thus, Movant's claims meet the typicality requirement, since questions of liability are common to all class members. *See In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992) (typicality requirement "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability") (citations omitted), *cert. dismissed sub nom., Hart Holding Co. v. Drexel Burnham Lambert Group, Inc.*, 506 U.S. 1088 (1993).

Moreover, because Movant Bristol Investment purchased ABAT shares directly pursuant to the Registration Statement and Supplemental Prospectus it has standing to assert Sections 11 and 12(a)(2) claims arising from the false or misleading Registration Statement and Prospectus; it appears that the other named plaintiffs do not.  *See, e.g., In re Barclays Bank PLC Sec. Litig.*, 2011 WL 31548 at *5 (S.D. N.Y. June 5, 2011); *In re Authentidate Holding Corp.*, 2006 WL 2034644 at *7 (S.D. N.Y. July 14, 2006).  As of this filing, Movant is unaware of any motion for

10

appointment as lead plaintiff by a class member who can bring claims under Sections 11, 12, and 15 of the Securities Act, and therefore Bristol Investment is in the best position to represent all class members who have suffered from Defendants fraudulent conduct.

### 2.     Movant Will Fairly And Adequately Represent The Interests Of The Class

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978); *In re United Energy Corp. Solar Power Modules Tax Shelter Inv. Sec. Litig.*, 122 F.R.D. 251, 257 (C.D. Cal. 1988); *Int'l Molders' & Allied Workers' Local Union No. 164 v. Nelson*, 102 F.R.D. 457, 464 (N.D. Cal. 1983). So long as the Movant with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job. *Pirelli*, 229 F.R.D. at 411-12. Once the presumption is triggered, the question is not whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff, instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a fair and adequate job. *In re Cavanaugh*, 306 F.3d at 732 and n.10. Movant will fairly and adequately represent the class.

First, counsel for the class is well-qualified. Movant has retained counsel with considerable experience in the prosecution of class action and federal securities law claims. *See* Federman & Sherwood resume attached as Exhibit D to the Federman Declaration.

Second, there are no potential conflicts between Movant and the interests of the absent class members. Movant's claims are typical of the claims of the rest of the class. All investors are aligned in the common interest of recovering their damages from Defendants. Movant has

indicated that it will protect the interests of the class, as reflected in Movant's investor certifications. *See* Exhibit A to Federman Declaration.

    **3.**    **The Court should Approve Bristol Investment's Choice of Counsel**

The PSLRA provides that a lead plaintiff shall, subject to court approval, select and retain counsel to represent the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) and 15 U.S.C. § 77z-1(a)(3)(B)(v). The inquiry is not into the adequacy or fitness of counsel but into the adequacy of plaintiff. *In re Cavanaugh*, 306 F.3d at 733. It is lead plaintiff and not the court that selects counsel. *Id.* at 31-33. Only in rare circumstances should the counsel chosen by lead plaintiff not be approved by the court. *See id.* Movant has selected and retained Federman & Sherwood as Lead Counsel. Federman & Sherwood possesses extensive experience in the areas of securities and other complex litigation. *See* Exhibits D to Federman Declaration. The Court can be assured that, in the event this Motion is granted, the members of the class will receive quality legal representation. Accordingly, the Court should approve Movant's selection of Lead Counsel.

## III.   <u>CONCLUSION</u>

For the reasons set forth above, the Court should: (1) consolidate the actions referenced in the instant captions; (2) appoint Bristol Investment Fund, Ltd. as Lead Plaintiff in this action; (3) approve Bristol Investment Fund, Ltd.'s selection of Federman & Sherwood as Lead Counsel; and (4) grant such other relief as the Court may deem just and proper.

Dated:    May 31, 2011                      Respectfully submitted,

                                        /s/William B. Federman
                                        William B. Federman (WBF9124)
                                        10205 N. Pennsylvania Ave.
                                        Oklahoma City, OK  73120
                                        Telephone:  (405) 235-1560
                                        Fax:  (405) 239-2112
                                        wbf@federmanlaw.com

                                        -and-

2926 Maple Ave., Suite 200
Dallas, TX  75201

## CERTIFICATE OF SERVICE

This is to certify that on May 31, 2011, I electronically transmitted this document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Samuel Howard Rudman
Robbins Geller Rudman & Dowd LLP
58 South Service Road
Suite 200
Melville, NY 11747
(631) 367-7100
Fax: (631) 367-1173
Email: srudman@rgrdlaw.com
*Attorneys for Plaintiff James M. Burns*

Marc Ian Gross
Pomerantz Haudek Block Grossman & Gross LLP
100 Park Avenue, 26th Floor
New York, NY 10017
(212)661-1100
Fax: (212) 661-8665
Email: migross@pomlaw.com

Fei-Lu Qian
Pomerantz Haudek Block Grossman & Gross LLP
100 Park Avenue, 26th Floor
New York, NY 10017
(212)-661-1100
Fax: (212)-661-8665
Email: flqian@pomlaw.com

Patrick Vincent Dahlstrom
Pomerantz Haudek Block Grossman & Gross LLP
100 Park Avenue, 26th Floor
New York, NY 10017
(212)661-1100
Fax: (212)661-8665

Richard J. Vita
VITA LAW OFFICES, P.C.
77 Franklin Street
Boston, MA 02110
(617) 426-6566
Fax: 617-249-2119
*Attorneys for Plaintiffs Geoff Connors and Arnold Cohen*

Lee Scott Shalov
McLaughlin and Stern, LLP
260 Madison Ave
New York, NY 10016
212-448-1100
Fax: 212-448-0066
Email: lshalov@mclaughlinstern.com

Amalia Goldvaser
McLaughlin & Stern,
260 Madison Ave.
New York, NY 10016
212 448-1100
Fax: 212 448-0066
Email: agoldvaser@mclaughlinstern.com
*Attorneys for Defendants*

13

___s/William B. Federman_____
William B. Federman

14