**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAMES QUAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ADVANCED BATTERY TECHNOLOGIES, INC., ZHIGUO FU and GUOHUA WAN,<br><br>Defendants. | Electronically Filed<br><br>Civil Action No. 11-CV-2279(CM)<br><br>(ECF Case) |
| JAMES M. BURNS, SR., Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ADVANCED BATTERY TECHNOLOGIES, INC., ZHIGUO FU and GUOHUA WAN,<br><br>Defendants. | Electronically Filed<br><br>Civil Action No. 11-CV-2354(CM)<br><br>(ECF Case) |
| ARNOLD COHEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ADVANCED BATTERY TECHNOLOGIES, INC., ZHIGUO FU and GUOHUA WAN,<br><br>Defendants. | Electronically Filed<br><br>Civil Action No. 11-CV-2849(CM)<br><br>(ECF Case) |
| GEOFF CONNORS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ADVANCED BATTERY TECHNOLOGIES, INC., ZHIGUO FU and GUOHUA WAN,<br><br>Defendants. | Electronically Filed<br><br>Civil Action No. 11-CV-3098(CM)<br><br>(ECF Case) |

1

**MEMORANDUM OF LAW IN SUPPORT OF GARY BLEIWEISS' MOTION
FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD
PLAINTIFF'S SELECTION OF LEAD COUNSEL**

Gary Bleiweiss ("Bleiweiss") respectfully submits this memorandum of law in support of his Motion for: (i) appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); and (ii) approval of his selection of Law Offices of Curtis V. Trinko, LLP ("Trinko Firm") as lead counsel.

## I.   PRELIMINARY STATEMENT

Presently pending in this district are four (4) securities class action lawsuits brought on behalf of all purchasers of Advanced Battery Technologies, Inc. ("Advanced Battery" or the "Company") common stock between November 24, 2008 and March 30, 2011 (the "Class Period") against Advanced Battery and certain of its officers and directors for violating the Securities Exchange Act of 1934 (the "Exchange Act").

Having suffered losses totaling approximately $12,306 as a result of his transactions in Advanced Battery common stock during the Class Period, Bleiweiss believes he has suffered the largest financial loss of any movant seeking appointment as lead plaintiff in this matter. As the movant with the largest financial interest that otherwise meets the applicable requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), Bleiweiss believes he is entitled to an appointment as lead plaintiff[1]. Further, Bleiweiss respectfully requests the Court to approve his selection of lead counsel. *See* § III.C, *infra*; *Kaplan v. Gelfond*, 240 F.R.D. 88, 96 (S.D.N.Y. 2007)

---

[1] Bleiweiss has submitted a sworn certification demonstrating his desire to serve as lead plaintiff in this action and his understanding of the attendant duties and obligations of serving as such. See Declaration of Curtis V. Trinko In Support of Gary Bleiweiss' Motion For Appointment As Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel. ("Trinko Decl.") at Ex. A.

("the PSLRA directs the lead plaintiff to select and retain counsel to represent the class, subject to the Court's approval") (citing 15 U.S.C. § 78u-4(a)(3)(B)(v)).

## II.      FACTUAL BACKGROUND

This is a federal securities class action on behalf of a class consisting of all persons other than defendants who purchased the securities of Advanced Battery Technologies, Inc. ("Advanced Battery" or the "Company") between November 24, 2008 and March 30, 2011, inclusive (the "Class Period"), seeking to recover damages caused by defendants' violations of the federal securities laws and to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

Advanced Battery develops, manufactures, and distributes rechargeable polymer lithium-ion batteries. The Company's products include rechargeable batteries for mine-use lamps, electric automobiles, motorcycles, cellular phones, notebook computers, and other personal electronic devices.

On March 30, 2011, Varient View Research ("VVR") published a report concluding "that the financial statements and management of [Advanced Battery] cannot be trusted and therefore the stock is worth zero." Varient claimed, among other things, that : (1) the Chairman transferred ownership of Advanced Battery's key subsidiary to himself without explanation or compensation; (2) Advanced Battery leads investors to think that it makes cutting-edge electric cars, when in fact it produces cheap scooters and bicycles; (3) and several of Advanced Battery's business relationships are non-existent. The report concluded the following as to Advanced Battery:

> A self-dealing management, falsely represented business description, serial equity issuances to acquire related or poor businesses, ludicrous profitability claims, customers that cannot be verified, multiple audit problems, the list goes on and on. This company has the dubious honor of achieving every major red flag that one looks for in a Chinese RTO fraud.

On this news, the Company's shares declined $1.50 per share, or nearly 43%, to close on March 30, 2011, at $2.01 per share, on unusually heavy trading volume.

Throughout the Class Period, Defendants have made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and

prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) the Company's claimed distribution relationships with certain manufacturers of electric motorcycles and scooters were false; (2) the Company reported financial statements were grossly inflated by including gross profit margins which were unrealistic for similar companies in its industry; (3) the Company paid $1.5 million to acquire a company that was non-existent; (4) the Company paid $20 million to purchase another company, but failed to disclose the related party nature of the transaction; (5) the Company paid $22 million to acquire Wuxi ZQ without disclosing that it was a bailout of a related company; (6) the Company misrepresented that it owned a Company subsidiary when it did not, or the Company failed to disclose that it entered into a related party transaction with the Company's Chairman and CEO which resulted in the owner of that subsidiary being the Chairman and CEO, and not Advanced Battery; (7) the Company lacked adequate internal and financial controls; and (8) as a result of the foregoing, the Company's statements were materially false and misleading at all relevant times.

## III.   ARGUMENT

### A.   The PSLRA's Lead Plaintiff Provisions

The PSLRA establishes the procedures for selecting a lead plaintiff in class action lawsuits alleging violations under the federal securities laws. *See* 15 U.S.C. § 78u-4(a).

First, the plaintiff who files the initial action must publish a notice to the class within twenty days, informing class members of their right to file a motion for appointment as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).

Second, within sixty days of the publication of notice, any person who is a member of the proposed class may apply to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

Third, the PSLRA provides that within ninety days after publication of notice, courts shall consider any motion made by a class member and appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i).  In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> (aa)    has either filed the complaint or made a motion in response to a notice…;
>
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Kaplan*, 240 F.R.D. at 92.

Here, *Quan v. Advanced Battery Technologies, Inc. et al.*, Civil Action No. 11-cv-2279-CM was filed on April 1, 2011.  Notice of the *Quan* action was published on *Marketwire* on April 1, 2011.  *See* Trinko Decl., Ex. C.  Thus, the time period within which class members may move to be appointed lead plaintiff in this case expires on May 31, 2011.  *See* 15 U.S.C. § 78u-4(a)(3)(A).  Pursuant to the PSLRA's provisions, and within the requisite time frame after publication of the required notice, Bleiweiss timely moves this Court to be appointed lead plaintiff on behalf of all members of the class.  *See Kaplan*, 240 F.R.D. at 92.  In addition, Bleiweiss has selected and retained counsel experienced in the prosecution of securities class actions to represent the class.  *See* Trinko Decl., Ex. D.  Accordingly, Bleiweiss satisfies the PSLRA's filing requirements for seeking appointment as lead plaintiff.

**B.      Bleiweiss is the "Most Adequate Plaintiff"**

      **1.      Bleiweiss has the Largest Financial Interest in the Relief Sought by the Class**

Bleiweiss suffered losses of approximately $ 12,306 in connection with his Class Period transactions in Advanced Battery common stock. *See* Trinko Decl., Ex. B. To the best of his knowledge, Bleiweiss' loss represents the largest financial interest in the relief sought by the class. *See Kaplan*, 240 F.R.D. at 93-94.

      **2.      Bleiweiss Satisfies Rule 23**

In addition to possessing the largest financial interest in the relief sought by the class, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Although Rule 23 consists of four requirements, at this stage of the litigation, a movant "need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23." *In re Espeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005); *see also Shi v. SINA Corp.*, 2005 U.S. Dist. LEXIS 13176, at *7-8 (S.D.N.Y. July 1, 2005) ("At this stage, only a preliminary showing of typicality and adequacy is required.").

      **a.      Bleiweiss is Typical**

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. "Typicality is satisfied where the claims arise from the same conduct from which the other class members' claims and injuries arise." *Espeed*, 232 F.R.D. at 102 (citation omitted).

Here, Bleiweiss is typical because, just like all other class members asserting claims under the Exchange Act, he: (1) purchased or otherwise acquired Advanced Battery securities during the Class Period; (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) suffered damages when corrective disclosures removed the inflation caused by the defendants' conduct causing the price of Advanced Battery's securities to fall.  *See Reimer v. Ambac Fin. Group, Inc.*, 2008 U.S. Dist. LEXIS 38729, at *12 (S.D.N.Y. May 9, 2008).  Thus, Bleiweiss' claims are typical of other class members' claims because both sets of claims arise out of the same course of events and are predicated on identical theories of liability and damages.  *See id.*

### b.      Bleiweiss is Adequate

The adequacy requirement of Rule 23(a)(4) is met if the representative party makes a showing that he will "fairly and adequately protect the interests of the class."  Specifically, the adequacy requirement is fulfilled when: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy."  *Kaplan*, 240 F.R.D. at 94; *see also Shi*, 2005 U.S. Dist. LEXIS 13176, at *9.

Here, Bleiweiss is adequate to represent the class.  Bleiweiss' interests are aligned with the interests of the class as both suffered losses from the revelation of defendants' false and misleading statements and material omissions.  Additionally, there is no evidence of antagonism between Bleiweiss and the class, and Bleiweiss has certified his willingness to serve as a representative of the class.  *See* Trinko Decl., Ex. A.  Bleiweiss is a sophisticated individual investor that suffered a substantial loss as a result of his Class Period purchases of  Advanced Battery stock and thus is

committed to vigorously prosecuting this litigation and maximizing the recovery for the class.  *See* Trinko Decl., Exs. A & B.  Finally, as shown below, Bleiweiss' proposed lead counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner.  Thus, Bleiweiss has made a *prima facie* showing of typicality and adequacy.

In addition to satisfying the preliminary requirements of Rule 23, the appointment of Bleiweiss  as lead plaintiff also fulfills a critical legislative goal behind enacting the PSLRA— encouraging sophisticated investors with large financial interests to serve as lead plaintiff in securities class actions.  Bleiweiss possesses both accounting and legal degrees.  As a CPA and the Tax Director of a regional accounting firm, Bleiweiss has more than 25 years of experience in assisting business and individual clients with business and taxation issues.  Moreover, Mr. Bleiweiss is also the director in charge of his accounting firm's legal affairs and is the primary liaison with the firm's outside counsel, which would be invaluable background in dealing with this litigation's Lead Counsel. Thus, Bleiweiss is clearly a suitable—and, indeed, preferred—lead plaintiff.

### C.    The Court Should Approve Bleiweiss' Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Kaplan*, 240 F.R.D. at 96.  The Court should not disturb lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  Because Bleiwiess has selected and retained counsel experienced in litigating securities fraud class actions with the resources to prosecute this action to the greatest recovery possible for the class, its choice of lead counsel should be approved.

Bleiwiess has selected the Trinko Firm as lead counsel for the class.  The Trinko Firm specializes in prosecuting complex class action litigation and is one of the preeminent law firms in its field.  The Trinko Firm is actively engaged in complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors.  The Trinko Firm is currently

serving as lead or co-lead counsel in several high profile investor-related actions, including actions involving Revlon, Goldman Sachs, Dow Jones and Lehman Brothers, and has secured millions of dollars in recoveries for investors.  *See* Trinko Decl., Ex. D.  Thus, the Court may be assured that in the event this motion is granted, the members of the class will receive the highest caliber of legal representation available from this firm.

## IV.      CONCLUSION

For the foregoing reasons, Bleiweiss respectfully requests that the Court: (i) appoint Gary Bleiweiss as lead plaintiff pursuant to the PSLRA; and (ii) approve his selection of the Law Offices of Curtis V. Trinko, LLP to serve as lead counsel for the class.

Dated:  May 31, 2011

Respectfully submitted,

/s/ Curtis V. Trinko
Curtis V. Trinko
Jennifer Traystman
LAW OFFICES OF CURTIS V.
TRINKO, LLP
16 West 46th Street, 7th Floor
New York, NY 10036
Telephone: (212) 490-9550
Facsimile: (212) 986-0158

*Counsel for Proposed Lead Plaintiff Gary Bleiweiss and Proposed Lead Counsel*

KOEHLER NEAL LLC
James F. Koehler
3330 Erieview Tower
1301 East Ninth Street
Cleveland, Ohio 44114
Telephone: (216) 539-9370
Facsimile: (216) 916-4369

*Counsel for Proposed Lead Plaintiff Gary Bleiweiss*